SHIPROCK DISTRICT COURT

November 9, 1981

No. SR-CV-192-81

OPINION AND ORDER

In the Matter of the ESTATE of:
Mary Dodge PESHLAKAI, Deceased.

Honorable Tom Tso, Judge presiding.

This opinion and order is based upon the motion of Myrtle Hermes, the administratrix of the above-captioned estate. The motion of disqualification, dated September 28, 1981, moves the court for an order disqualifying the Honorable Harry Brown and the Honorable Tom Tso on the ground those judges "cannot according to movant's and Undersigned Counsel's belief preside over the action with impartiality." The motion is supported by an affidavit executed by Myrtle Hermes which simply states that the judges "cannot and according to my belief preside over the matter with impartiality."

In other words, the motion and affidavit simply assert a lack of impartiality and a belief of impartiality as to two of the seven Trial Judges of the Navajo Nation. The court takes notice that the venue of this action was previously changed from the Shiprock District, possibly in disqualification of the Trial Judge there.

The procedural question arising from this motion is whether the motion is sufficient to give the court grounds upon which to act. Normally, in the absence of a statute or rule of court, judges are disqualified as a matter of public policy and in the interest of impartiality where there is an interest the judge has in a matter or where the judge has a degree of relationship to a party. 46 Am.Jur.2d, Judges Sec. 86. Where there is a statute or rule of court for the disqualification of a judge, there is the view that such a statute or rule should be liberally construed to accomplish the object of assuring justice free from bias or influence caused by a judge's interest or relations. Id. Sec. 88.

In this case there is a rule of court with respect to disqualification. The pertinent portion of Rule 7 of the Rules of Civil Procedure is:

> "The judge may disqualify himself on motion of
> one of the parties or on his own motion. When a
> judge disqualifies himself, a copy of the order shall
> be sent to the Chief Justice who shall name a new
> judge to hear the case."

In other words, the rule simply provides that a judge may be disqualified by motion, but it does not provide the grounds for disqualification. The court notes that the word "may" in the rule gives the court

the power to grant or deny the motion based upon the use of sound judicial discretion.

This particular motion and conclusory affidavit provides the court no basis upon which to exercise judicial discretion. There are many grounds to disqualify a judge and a general accusation of a lack of impariality can include many reasons. See 46 Am.Jur.2d, Judges Secs. 94 through 197, discussing a myriad of grounds for disqualification.

The court concedes that in some jurisdictions the filing of a general and conclusory affidavit of disqualification without demonstrating facts showing prejudice is sufficient. Id. Sec. 210. However since our rule provides for a motion of disqualification which may be granted or not as a matter of discretion, the rule is that the facts upon which the disqualification motion is based must be set forth. Id. The correct rule for our courts would be:

> "Sufficient factual matters must be stated to show bias and prejudice on the part of the judge to the extent that it may reasonably and substantially appear that his actions during the trial will be so influenced that a fair and impartial trial may not result. Thus, it has been stated that the test of the sufficiency of an affidavit disqualifying a judge is whether its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge, and that allegations of facts that are merely frivolous or fanciful will not support a motion to disqualify on the ground of prejudice."
> Id.

Some states provide litigants with the opportunity to remove a judge from a case by either making a motion and showing no ground for removal or simply making a motion supported by a boilerplate affidavit of bias and prejudice. Others provide that detailed and specific grounds for disqualification must be shown. Our rule of court, which makes the question one of discretion pursuant to a motion, fits the latter description. (For a discussion of Federal disqualification practice, See Laird v. Tatum, 409 U.S. 824, 34 L.Ed.2d 50 (1972).

Therefore, based upon the foregoing discussion, the Court enters the following orders:

1. The motion for disqualification of Myrtle Hermes dated September 28, 1981 is hereby DENIED for factual and legal insufficiency, without prejudice to the renewal of the motion; and

2. Should the motion be renewed it must be made upon specific grounds and must be supported by sufficient affidavits of the party and her counsel in accordance with this opinion; and

3. Any such motion must be noticed and set for a hearing before the Court; and

4. Any such motion must be supported by a brief or memorandum setting forth the legal arguments in support of the motion, with appropriate citations in support of such arguments.